FILED

MAR 1 3 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(Honorable RUBEN B. BROOKS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE    08CR0369-JLS |
| | ) | MAGISTRATE CASE 08MJ8096-PCL |
| | ) |    DATE: March 13, 2008 |
| | ) |    TIME: 9:00 A.M. |
| Plaintiff, | ) | COURTROOM B |
| | ) | |
| v. | ) | |
| | ) |       ORDER |
| CHEONG SAU WONG, | ) | SETTING VIDEO DEPOSITION |
| XU JUN LEE | ) | OF MATERIAL WITNESSES |
| | ) | MING ZHOU ZHU |
| | ) | LIANGNENG JIANG |
| | ) | YUHAI WANG |
| | ) | XUZAI DONG |
| | ) | LIQIU LIN |
| | ) | |
| Defendants. | ) | |

On application of Attorney Al Smithson, on behalf of the above-named material witnesses, and good cause appearing:

1. The material witnesses, MING ZHOU ZHU, LIANGNENG JIANG, YUHAI WANG, XUZAI DONG and LIQIU LIN, being held in custody in case number 08CR0369-JLS shall be deposed on April 9, 2008 at 9:00 a.m., at a place designated in the United States Attorneys Office at 880 Front Street, San Diego, California.

2.    All parties shall attend the deposition.  The arresting

1  agency  shall bring the material witnesses to the deposition.  If
2  any defendant is in custody, that defendant or those defendants
3  shall be brought separately to the deposition.  A marshal shall
4  remain present throughout the preceding.
5      3.  The United States Attorney's office shall provide a
6  videotape and audio tape operator and arrange for a court-
7  certified interpreter to be present for the material witnesses,
8  if necessary.
9      4.   The cost of the interpreter for the material witnesses
10  will be borne by the Court.
11      5.  If the defendants need an interpreter independent of the
12  material witness interpreter (if any), defense counsel will
13  arrange for a court-certified interpreter to be present.  The
14  cost of a separate interpreter for the defendants shall be paid
15  by the Court.
16      6.   A notary is to preside at the deposition in accordance
17  with Rule 28(a), Fed.R.Civ.P.  The parties may, by written
18  stipulation, agree to selection of any state certified notary.
19  In the absence of a written stipulation, the U.S. Attorney's
20  Office shall provide and pay for a notary as set forth in
21  Fed.R.Civ.P. 28(c).
22      7.  The deposition shall be videotape and audiotape
23  recorded.  Prior to the conclusion of the deposition, the
24  deponent, or a party, may, for good faith reasons, elect to have
25  the deponent review the videotaped record of their deposition so
26  as to check the recording for errors or omissions and to note any
27  changes.  Any errors or changes, and the reasons for making them,
28

2

1    shall be stated in writing and such writing shall be signed by

2    the deponent.

3        8.  The videotape operator shall select and supply all

4    equipment required to videotape the deposition and shall

5    determine all matters of staging and technique, such as number

6    and placement of cameras and microphones, lighting, camera angle,

7    and background.  He or she shall determine these matters in a

8    manner that accurately reproduces the appearance of each witness

9    and assures clear reproduction of both the witness' testimony and

10   the statements of counsel.  The witnesses, or any party to the

11   action, may place upon the record any objection to the videotape

12   operator's handling of any of these matters.  Such objections

13   shall be considered by the Court in ruling on the admissibility

14   of the video record.  All such objections shall be deemed waived

15   unless made promptly after the objector knows, or has reasonable

16   grounds to know, of the basis of such objection.

17       9.  The deposition shall be recorded in a fair, impartial,

18   objective manner.  The videotape equipment shall be focused on

19   each witness; however, the videotape operator may from time to

20   time focus upon charts, photographs, exhibits or like material

21   being shown to the witness during the deposition.

22       10.  Before examination of each of the witnesses, the

23   Assistant United States Attorney shall state on the video record

24   his or her name; the date, time and place of the deposition; the

25   name of the witness and the caption of the action; the identity

26   of the parties and the names of all persons present in the

27   deposition room.  A notary shall then swear the witness on the

28

3

1  video record.  Further, at the beginning of the examination by

2  each counsel, the counsel shall identify himself or herself and

3  his or her respective client on the record.

4        11.  The videotape operator shall not stop the video

5  recorder after the deposition commences until it concludes,

6  except, however, that any party may request a cessation for a

7  brief recess, which request will be honored unless another party

8  objects and states the basis for said objection on the record.

9  Each time the tape is stopped or started, the operator shall

10  announces the time on the record. If the deposition requires the

11  use of more than one tape, the end of each tape and the beginning

12  of the next shall be announced orally on the video record by the

13  operator.

14        12.  Testimonial evidence objected to shall be recorded as

15  if the objection had been overruled and the court shall rule on

16  the objections prior to admitting that portion of the deposition.

17  The party raising the objection(s) shall be responsible for

18  preparing a transcript for the court to consider.  All objections

19  to the evidence presented shall be deemed waived unless made

20  during the deposition.

21        13. The party offering the deposition into evidence at trial

22  shall be responsible for providing the Court with a transcript of

23  the portions so offered.  The transcript will be used in lieu of

24  contemporaneous transcription by the court reporter.

25        14.  Copies of all exhibits utilized during the videotaped

26  deposition shall be attached to the videotaped record.

27        15.  At the conclusion of the deposition, the Government and

28

4

1    defendants will advise the material witnesses attorney if they

2    intend to object to the release of the material witnesses.   If

3    the parties  do not object to the release of material witnesses,

4    the Government will immediately approve the release order of each

5    material witness.   The Government will provide the witnesses with

6    a subpoena for the trial date and a travel fund advance letter.

7        16.   If either party objects to the release of the material

8    witnesses, the objecting party must within four business hours

9    after the deposition has concluded request a hearing on the issue

10   before the District Court.   At the hearing, the objecting party

11   must be prepared to show why live witness testimony is vital to

12   its case.   If, after the hearing, the Court decides to release

13   the material witnesses, the material witness attorney should file

14   the witness release order immediately.   Again, the Government

15   must serve each material witness with a trial subpoena and a

16   travel fund advance letter before the material witness is

17   released from custody.

18       17.   The Assistant United States Attorney shall maintain

19   custody of the original videotape of the deposition along with a

20   certificate signed by the videotape operator attesting that it is

21   an accurate and complete recording of the deposition until such

22   time as any party or the material witness' attorney requests that

23   it be filed with the court.

24       18. Upon such request, the Assistant United States Attorney

25   shall file this original tape, along with the certification, with

26   the court in a sealed envelope marked with the caption of the

27   case, the name of the witness and the date of the deposition.

28

1    19.   Upon request by either party, the Assistant United

2  States Attorney shall provide a copy of the videotaped deposition

3  to the requesting party at the requesting party's expense.

4    20.   The stenographic transcript shall be filed with the

5  Court as necessary pursuant to the Federal Rules of Civil

6  Procedure and the Local Civil Rules of this Court, as applicable.

7    21.   Unless waived by the parties, prompt notice shall be

8  given to all parties of the filing of the videotaped record of

9  the deposition with the Court pursuant to Fed.R.Civ.P. 30(f) (3).

11   IT IS SO ORDERED.

13   DATED: 3/13/2008

16              RUBEN B. BROOKS
              UNITED STATES MAGISTRATE JUDGE

6